**THERMOFIL INCORPORATED,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 79-1594.

United States Court of Appeals,
Sixth Circuit.

June 11, 1981.

his complaints were shared by others but that his individual conduct was entirely spontaneous. This case, therefore, falls squarely within the holding of our circuit in *N.L.R.B. v. Guernsey-Muskingum Electric Co-op, Inc.*, 285 F.2d 8 (6th Cir. 1960). *See ARO, Inc. v. N.L.R.B.*, 596 F.2d 713 (6th Cir. 1979).

James C. Bruno, Fitzgerald, Young, Peters, Dakmak & Bruno, Ronald J. Santo, Betty C. Bechtel, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Kenneth Hipp, Washington, D. C., for respondent.

Before WEICK, ENGEL and JONES, Circuit Judges.

### ORDER

Upon consideration of the briefs, record and arguments of counsel, we are of the opinion that substantial evidence supports the order of the Board entered on September 14, 1979, reported at 244 NLRB No. 171, finding that petitioner Thermofil Inc. violated Section 8(a)(1) of the Act by terminating employee Thomas Singer and ordering his reinstatement with back pay, and said order will be enforced.

Enforcement of the Board's order is therefore granted.

ENGEL, Circuit Judge, dissents.

ENGEL, Circuit Judge, dissenting.

I would deny enforcement because there is, in my opinion, no substantial evidence to support the finding that the action of employee Thomas Singer was concerted. Rather than showing that he was acting on behalf of or as a representative of the other employees, the evidence shows at best that